Hoekstra, RJ.
(dissenting). Consistent with the remand order, I have reconsidered my opinion in light *98 of M&D, Inc v McConkey, 231 Mich App 22; 585 NW2d 33 (1998). In my judgment, McConkey supports the conclusions I reached in my original dissent, and, consequently, I remain convinced that the trial court’s judgment should be reversed. Therefore, I respectfully dissent.
Here, plaintiff does not claim that defendant’s 1991 operating summary contained false or misleading information regarding the company’s financial status as of 1991. Thus, standing alone, the summary provides no support for plaintiff’s claims, because it accurately presents the 1991 figures. Plaintiff inferred from the 1991 financial figures that the company’s situation remained unchanged through 1992. This inference, when coupled with a failure by defendant to disclose more current information, provides the basis for plaintiff’s allegation of fraud. Id. at 29. However, I understand McConkey to hold that plaintiff’s inference is unwarranted; therefore it cannot serve as the basis for his fraud claim. There is no evidence that defendant intended the 1991 operating summary to demonstrate the company’s financial condition at the time it hired plaintiff. To the contrary, the document is clearly a report from fiscal year 1991, and any other inferences plaintiff may have made lack a discernible or objective basis. In addition, I see no basis for the conclusion that plaintiff had a right to rely oh the 1991 summary as an accurate picture of the company’s performance in fiscal year 1992, without some additional inquiry or affirmative representation by defendant. Both of these conclusions, that the 1991 figures were intended to represent financial performance in 1992 and that defendant had a duty to provide additional financial information, are essential to the *99 majority’s finding of fraud. Unfortunately, no evidence, beyond pure speculation, supports such conclusions. Accordingly, I find plaintiff’s fraud claim to be unsupported by any evidence.
In addition to there being no basis for plaintiffs assumptions about the company’s performance in 1992, plaintiff never requested more recent financial information during the hiring process. Given that the report he received was clearly labeled as financial figures for fiscal year 1991, I can find no duty to provide additional information on the company’s performance during fiscal year 1992. While 1992 figures were available, they had yet to be compiled into a report like the one defendant gave plaintiff. Therefore, plaintiff received the most current report of its type available. Absent a request from plaintiff for more current information, defendant had no. duty whatsoever to provide it. The holding in McConkey teaches us that the failure to do something that one is not required to do is not fraud. Id. at 32.
The most disconcerting aspect of the majority’s opinion is that it expects that defendant will anticipate plaintiff’s inference and then requires defendant to take appropriate remedial action. Because defendant failed to anticipate how plaintiff would interpret its 1991 operating summary, the majority finds that defendant has committed fraud. This result is most troubling. To elevate an inference made by another party’s interpretation of a document that, on its face, is clear and unambiguous, puts every supplier of information in jeopardy for the unforeseen misinterpretation of that information. In a case like this one, where the data were clearly labeled as pertaining to the company’s 1991 fiscal year, plaintiff should not be *100 permitted to argue that he thought the figures also represented the company’s performance in 1992. Plaintiff had a simple, straightforward avenue to discover defendant’s current financial condition. He simply had to ask. Now he expects the courts to bail him out because his assumption about defendant’s financial condition was incorrect. I find it noteworthy that McConkey holds that fraud requires some evidence of a false representation and that knowledge, coupled with failure to disclose, does not give rise to fraud unless the party is duty-bound to disclose and intentionally suppresses the information, thereby creating a false impression. McConkey, supra at 25. There is no evidence of a such a duty in this case, nor do I find evidence that defendant intentionally suppressed relevant information.